ACCEPTED
05-14-00255-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/15/2015 10:59:41 AM
LISA MATZ
CLERK



Minds over matters.™

Katherine Elrich
direct 214.749.6362
katherine.elrich@hsblaw.com

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/15/2015 10:59:41 AM
LISA MATZ
Clerk

May 15, 2015

**VIA ELECTRONIC FILING**
Lisa Matz, Clerk
Fifth District Court of Appeals at Dallas
George L. Allen, Sr. Courts Bldg.
600 Commerce St., 2nd Floor
Dallas, TX 75202-4658

> RE: Appellate Cause No. 05-14-00255-CV;
> Cause No. CC-13-01332-B;
> *Drucilla Bain v. Capital Senior Living Corporation a/k/a Capital Senior Living Corporation of Delaware d/b/a Azalea Trails Assisted Living & Memory Care; CSL S Tyler, LLC a/k/a Azalea Trails Assisted Living & Memory Care; & Fred Frazier;* County Court at Law No. 2, Dallas County, Texas
> Out File No.: 860-25

Dear Ms. Matz:

Please accept this post-submission letter brief to inform the panel of justices in the above-referenced appeal of a recent Texas Supreme Court authority concerning the issue in this appeal.

On May 1, 2015, after this case was submitted following oral argument on April 28, 2015, the Texas Supreme Court issued its opinion in *Ross v. St. Luke's Episcopal Hospital,* No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015). In deciding whether a visitor's slip and fall in the hospital lobby triggered the safety prong of the health care liability claim definition, the Texas Supreme Court held: "[t]he pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Ross,* 2015 WL 2009744, *6. The Court established a seven non-exclusive consideration test that courts should assess to determine whether a claim invokes the safety prong of the health care liability claim definition. *Id.* The seven factors to consider are as follows:

> 1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;
>
> 2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;
>
> 3. At the time of the injury was the claimant in the process of seeking or receiving health care;

4.       At the time of the injury was the claimant providing or assisting in providing health care;

5.       Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6.       If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7.       Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Id.*

Although the hospital visitor's claim in *Ross* did not meet any of these seven factors, in the above-referenced appeal before this Court, Bain's claim meets these factors.

More specifically, as was argued in Appellees' Brief and at oral argument, the alleged negligence occurred during Azalea Trails' care of its resident, Drucilla Bain, in transporting Ms. Bain from the assisted living facility to her doctor's appointment. The alleged negligence also occurred at a time when Ms. Bain was in the process of seeking health care in that she was being taken by Azalea Trails to her doctor's office for a medical appointment. The fact that the appointment was not with a physician affiliated with Azalea Trails does not change the conclusion that Ms. Bain's claim is a health care liability claim because part of Azalea Trails' duties as an assisted living facility includes coordinating and providing for its residents' daily needs, including transportation to appointments with physicians. As an assisted living facility, Azalea Trails has a duty to provide such care in a safe manner to protect residents from harm. *See* TEX. HEALTH & SAFETY CODE § 247.0011. Thus, these allegations undoubtedly fall within the first and third considerations outlined by the *Ross* court.

Indeed, the fact that Azalea Trails was providing for Ms. Bain's day-to-day needs is part and parcel of what an assisted living facility does. *See* TEX. HEALTH & SAFETY CODE § 247.0011; *see also Omaha Healthcare Center, LLC v. Johnson,* 344 S.W.3d 392, 395 (Tex. 2011); *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 848-50 (Tex. 2005). Thus, such provision implicates the second and fourth considerations of the seven-factor test.

Next, Azalea Trails owed Ms. Bain, a wheelchair bound resident, professional duties as an assisted living facility to be able to properly handle a wheelchair-bound resident in transporting her. Thus, the professional duties of Azalea Trails as a health care provider were invoked thereby fulfilling the fifth consideration.

Furthermore, Ms. Bain alleged that Azalea Trails did not properly strap Ms. Bain into her wheelchair, which is an instrumentality used in providing for her daily needs. Numerous appellate courts, including this Court, have found claims involving wheelchairs to be health care liability claims. *See* Appellees' Br. at 13-18. Ms. Bain's allegation concerning Azalea Trails'

failure to properly strap her into her wheelchair before transporting her to her doctor's appointment meets the sixth consideration.

Finally, the seventh consideration is met because the alleged negligence occurred in the course of Azalea Trails taking action and/or failing to take action necessary to comply with safety-related requirements set for assisted living facilities by governmental or accrediting agencies. As outlined in Appellees' Brief, assisted living facilities are highly regulated and required to meet standards in providing for the day-to-day needs of residents. *See* Appellees' Br. at 20-21. The Texas Health & Safety Code requires assisted living facilities to provide residents access to care, continuity of care, coordination of services, safe surroundings, professionalism of service providers and quality of life. TEX. HEALTH & SAFETY CODE § 247.0011. Here, the alleged negligence occurred during Azalea Trails providing for the transportation needs of its wheelchair-bound resident, Ms. Bain. In providing for such need, Azalea Trails was required to comply with safety-related requirements set for assisted living facilities in meeting the transportation needs of its wheelchair-bound residents. Thus, Ms. Bain's claim falls within the seventh consideration set forth by the Texas Supreme Court.

All in all, Ms. Bain's claim meets the seven non-exclusive consideration test established by the Texas Supreme Court to determine whether the safety claim is a health care liability claim. Ms. Bain's claim is based upon standards that implicate Azalea Trails' duties as a health care provider to provide for Ms. Bain's safety while she was in Azalea Trails' care. Accordingly, no dispute can exist that Ms. Bain's claim is a health care liability claim and subject to the expert reporting requirements of Chapter 74.

Because no dispute exists that Ms. Bain failed to timely serve an expert report as required by Chapter 74, the trial court correctly granted the motion to dismiss as is also required by Chapter 74. Thus, the trial court's dismissal must be affirmed.

Thank you for your assistance with this matter. Should you have any questions, please do not hesitate to contact me.

Yours truly,

Katherine Elrich

Katherine Elrich

KE/cb

Lisa Matz, Clerk
Fifth District Court of Appeals at Dallas
May 15, 2015
Page 4


cc:

**VIA E-SERVICE;**
**VIA FACSIMILE NO. 214-370-5735**
Frank G. Giunta
Demarest & Giunta, P.L.L.C.
4040 N. Central Expressway, Ste. 850
Dallas, Texas  75204

**VIA E-SERVICE;**
**VIA FACSIMILE NO. 214-855-6808**
Jeffrey S. Levinger
Levinger PC
1445 Ross Avenue, Suite 2500
Dallas, Texas  75202